**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>Gamal S. Naguib and<br>Analida Naguib,<br><br>        Debtors. | Honorable Janet S. Baer<br><br>Case No. 22-03672<br><br>Chapter 7 |

**NOTICE OF MOTION**

      **Please take notice** that on **Friday, March 29, 2024, at 11:00 a.m.**, I will appear before the Honorable Janet S. Baer, or any judge sitting in that judge's place **either** in courtroom 615 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, **or** electronically as described below, and present the **Motion for an Order Tolling the Statute of Limitations Imposed by Section 546(a)(1)(A),** a copy of which is attached.

      **Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

      **To appear by Zoom using the internet**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

      **To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

      **Meeting ID and passcode.** The meeting ID is 160 731 2971, and the passcode is 587656. The meeting ID and passcode can also be found on the judge's page on the court's web site.

      If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

Dated: March 22, 2024

Respectfully submitted,

**Frank J. Kokoszka**, not individually but as the chapter 7 trustee of the bankruptcy estate of Gamal S. Naguib and Analida Naguib.

By: */s/   William J. Factor*
One of Their Attorneys

William J. Factor (6205675)
Lars A. Peterson (6293551)
**FACTORLAW**
105 W. Madison Street, Suite 1500
Chicago, IL 60602
(312) 878-6146
wfactor@wfactorlaw.com
lpeterson@wfactorlaw.com

4860-9835-9216, v. 1

# **CERTIFICATE OF SERVICE**

I, William J. Factor, the undersigned attorney, hereby certifies that on March 22, 2024, I caused a copy of the *Notice of Motion* and Accompanying *Motion* to be served on all parties receiving notice through the Court's CM/ECF system and by all other parties via the method indicated on the service list.

*/s/ William J. Factor*

# **SERVICE LIST**

**Registrants**
(Service via ECF)

| | |
|---|---|
| **William J Factor** | wfactor@wfactorlaw.com; wfactorlaw@gmail.com; bsass@wfactorlaw.com; wfactor@ecf.courtdrive.com; wfactormyecfmail@gmail.com; factorwr43923@notify.bestcase.com |
| **Jeffrey L. Gansberg** | jeffrey.l.gansberg@usdoj.gov |
| **Frank J Kokoszka** | trustee@k-jlaw.com; ecf.alert+kokoszka@titlexi.com |
| **Frank J Kokoszka** | fkokoszka@k-jlaw.com; admin@k-jlaw.com |
| **Patrick S Layng** | USTPRegion11.ES.ECF@usdoj.gov |
| **Lars A Peterson** | lpeterson@wfactorlaw.com; bsass@wfactorlaw.com; lpeterson@wfactorlaw.com |
| **Konstantine T. Sparagis** | gsparagi@yahoo.com; Gus@konstantinelaw.com; Morgan@konstantinelaw.com; Drew@konstantinelaw.com |

**Non-Registrants**
(Service via U.S. Mail)

| | |
|---|---|
| **Gamal S. Naguib** <br> **Analida Naguib** <br> 205 Timber Trail Dr. <br> Oak Brook, IL 60523 | |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>Gamal S. Naguib and<br>Analida Naguib,<br><br>         Debtors. | Honorable Janet S. Baer<br><br>Case No. 22-03672<br><br>Chapter 7 |

**TRUSTEE'S MOTION FOR AN ORDER TOLLING THE STATUTE OF LIMITATIONS IMPOSED BY SECTION 546(A)(1)(A)**

Frank J. Kokoszka, not individually, but solely in his capacity as the case trustee (the "**Trustee**") for the bankruptcy estate (the "**Estate**") of Gamal S. Naguib and Analida Naguib (the "**Debtors**"), by and through his undersigned counsel, hereby submits his motion (the "**Motion**") for an order tolling the statute of limitations imposed by section 546(a)(1)(A) of title 11 of the United States Code (the "**Bankruptcy Code**"). In support of the Motion, the Trustee respectfully states as follows:

### I.  JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (H). The Trustee consents to this Court entering a final order regarding the Motion. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein is section 546 of the Bankruptcy Code.

## II.  BACKGROUND

3.  Manuel Cesar Iglesias ("**Dr. Iglesias**") is a gastroenterologist who has been practicing medicine for over 40 years.  Manuel Cesar Iglesias, M.D.S.C. is Dr. Iglesias' medical practice and business.

4.  Commencing approximately 20 years ago, the Debtor, Gamal S. Naguib, implemented a fraudulent scheme to embezzle funds from Dr. Iglesias and Dr. Iglesias' retirement account to fund the lifestyles of the Debtor and his family members.

5.  The scheme started when Mr. Naguib developed a fiduciary relationship with Dr. Iglesias based upon Mr. Naguib's representations that he would serve as a financial advisor to Dr. Iglesias.  Based on those representations, Dr. Iglesias entrusted *at least* $4.9 million of his hard-earned income to Mr. Naguib, expecting it would be invested so that Dr. Iglesias would have a meaningful retirement portfolio.

6.  Upon Dr. Iglesias's retention of experienced bankruptcy counsel in this Case, undersigned counsel promptly sought authority to conduct Bankruptcy Rule 2004 discovery of the Debtor, certain insiders (including the Debtor's children and his company, Masterpiece), as well as certain financial institutions known to have maintained their accounts.

7.  The purpose of the Rule 2004 discovery efforts is to investigate: (i) any potential avoidance actions under sections 544, 547 or 548, or applicable state law, that could be pursued to recover assets for the estate and ultimate distribution

to creditors; (ii) any potential undisclosed property of the estate subject to turnover under section 542; (iii) any other matter that could affect the administration of the Debtors' bankruptcy estate.

8. On August 16, 2023, Dr. Iglesias filed his Motion for Order Authorizing Rule 2004 Examination of James A. Anthony, Anthony Realty, Inc., Gamal S. Naguib, Deborah Naguib, FGMK, Kevin Kummer and Masterpiece Corp. (the "**Insider Rule 2004 Motion**") [ECF No. 100].

9. On September 5, 2023, Dr. Iglesias filed his Motion for Order Authorizing Rule 2004 Examination of Associated Bank, Charles Schwab, Citibank, N. A., Creighton Federal Credit Union, Devon Bank, First Merchants Bank, JPMorgan Chase Bank, N.A., and Northern Trust Bank (the "**Financial Institution Rule 2004 Motion**," and, together with the Insider Rule 2004 Motion, the "**Rule 2004 Motions**") [ECF No. 110].

10. Despite the routine nature of a creditor conducting Bankruptcy Rule 2004 discovery, the Debtor and the Insiders raised meritless objections opposing the relief requested in both of the Rule 2004 Motions (*see* ECF Nos. 101, 106, 108, 112). The Court then granted the Rule 2004 Motions, overruling the Debtor and the Insiders' objections and authorized Dr. Iglesias to conduct such discovery. *See* ECF No. 114, 115.

11. Following the issuance of subpoenas pursuant to the orders granting the Rule 2004 Motions, on November 23, 2023, the Debtor and the Insiders continued to resist Dr. Iglesias's legitimate discovery efforts by filing their Motion to

3

Quash Subpoena [ECF No. 124]. Further briefing and negotiations ensued, delaying the discovery process, and culminating in the Court's entry on January 19, 2024 of the Agreed Order Granting in Part and Denying in Part Motion to Quash Subpoena (the "**Agreed Order**") [ECF No. 134].

      12. The Agreed Order required the Respondents to produce documents in response to the subpoenas "within 21 days of entry" of the Agreed Order, which is to say by February 9, 2024.

      13. On February 20, 2024, eleven days after the deadline to produce, the Debtor and certain of the Insiders made a limited and disorganized production in response to the subpoenas.

      14. Although the Agreed Order provided that the Debtor would sit for a 2004 examination via zoom, Debtor's counsel has recently communicated that the Debtor is not available for deposition due to health issues.

      15. Throughout the Rule 2004 discovery efforts described above, the Law Office of William J. Factor ("**FactorLaw**") represented Dr. Iglesias. On March 1, 2024, the Trustee filed his Application to Retain William J. Factor and the Law Office of William J. Factor, Ltd. to Pursue Estate Claims (the "**Trustee's Retention Application**") [ECF No. 138]. The Trustee's Retention Application was granted on March 8, 2024. *See* ECF No. 140. Accordingly, FactorLaw, now acting as counsel for the Trustee, is continuing the Rule 2004 discovery efforts it began on behalf of Dr. Iglesias. In that new capacity, FactorLaw intends to represent the Trustee with respect to estate claims, including avoidance actions.

16. Notwithstanding delays caused by the Debtor, through the course of the discovery described above, the Trustee has identified numerous prepetition transactions which the Trustee understands and believes may give rise to potential claims arising under sections 544, 547, or 548 of the Bankruptcy Code which may be held by the estate.

17. As discussed above, the Trustee's Rule 2004 discovery efforts continue and may well lead to the discovery of other potential claims actionable under sections 544, 547, or 548 of the Bankruptcy Code (such currently undiscovered causes of action, the "**Additional Estate Claims**," and together with the Estate Claims, the "**Claims**").

### III. RELIEF REQUESTED THE BASIS THEREFOR

18. By this Motion, the Trustee requests the entry of an order tolling the two-year statute of limitations imposed by section 546(a)(1)(A) of the Bankruptcy Code for a period sufficient to complete his Rule 2004 discover in order to preserve the Claims for prosecution by the Trustee.

B. **Statute of limitations imposed by section 546(a).**

19. Section 546(a) of the Bankruptcy Code sets out the statute of limitations applicable to the Claims and any other avoidance actions which may be held by the estate. The section, in relevant part, states:

> (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
> (1) the later of—
> (A) 2 years after the entry of the order for relief …

5

4860-9835-9216, v. 1

> (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A)

11 U.S.C. § 546.

20. As appliable to this Case, pursuant to section 546(a)(1)(A) the initial statute of limitations for commencing avoidance actions expires on the two-year anniversary of the Petition Date. *See In re Draiman*, 714 F.3d 462, 463 (7th Cir. 2013) ("The statute of limitations governing avoidance proceedings is two years from filing bankruptcy . . .") (citing 11 U.S.C. § 546(a)(1)(A)). In this case, the two-year anniversary of the Petition Date is March 30, 2024 (the "**Expiration Date**").

21. "Every court that has considered the issue has held that equitable tolling applies to § 546(a)(1)." *In re United Ins. Mgmt., Inc.*, 14 F.3d 1380, 1385 (9th Cir. 1994) (citing numerous cases including *In re Lyons*, 130 B.R. 272, 279-281 (Bankr. N.D. Ill. 1991) (Squires, J.)). This is the case because the section 546(a) statute of limitations is not jurisdictional in nature like a statute of repose. *See In re Outboard Marine Corp.*, 299 B.R. 488, 500 (Bankr. N.D. Ill. 2003) ("Based on the plain language of the Bankruptcy Code provision, the statutory scheme, the legislative history, and the decisions of other jurisdictions, the Court finds that § 546(a) is a true statute of limitations that can be waived or tolled by the parties.").

22. As detailed above, the Rule 2004 discovery and investigation efforts continue with respect to the Claims.

23. For these reasons, the Court should enter an order equitably tolling the Initial Two Year Period to a date no less than six (6) months from the

Expiration Date. Such relief will allow sufficient time for the Trustee to complete his investigation and file any estate causes of action on the Claims.

24. Notice of the filing of this Motion and the hearing scheduled therefor has been provided pursuant to the Bankruptcy Rules on no less than seven (7) days' notice by CM/ECF to: (a) the Debtor; (b) the Office of the United States Trustee for the Northern District of Illinois; (c) the Insiders and (d) any other parties who have requested notice and service of pleadings. In light of the relief requested, the Trustee respectfully requests that such notice be deemed appropriate and that no other or further notice need be provided.

**WHEREFORE**, the Trustee respectfully requests the Court enter an order in the proposed form filed herewith and granting such other relief as is just.

        Respectfully Submitted.

        **Frank J. Kokoszka**, not individually but as the chapter 7 trustee of the bankruptcy estate of Gamal S. Naguib and Analida Naguib.

        By: */s/   William J. Factor*
        One of Their Attorneys

William J. Factor (6205675)
Lars A. Peterson (6293551)
**FACTORLAW**
105 W. Madison Street, Suite 1500
Chicago, IL 60602
(312) 878-6146
wfactor@wfactorlaw.com
lpeterson@wfactorlaw.com

7